IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SANI VAELUAGA, | ) CIVIL NO. 22-00148 JAO-WRP |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT |
| vs. | ) PLAINTIFF'S COUNSEL'S |
| | ) REQUEST FOR AUTHORIZATION |
| FRANK BISIGNANO, Commissioner | ) TO CHARGE A REASONABLE |
| of Social Security, | ) FEE |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF'S COUNSEL'S REQUEST FOR AUTHORIZATION
TO CHARGE A REASONABLE FEE

Before the Court is Plaintiff's Counsel's Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (Request), filed May 27, 2025.  Request, ECF No. 37.  Defendant did not file a response to the Request.  After careful consideration of the Request, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that the Request be GRANTED.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

BACKGROUND

Plaintiff filed a claim for Disability Insurance Benefits under Title II and/or Supplemental Security Income benefits under Title XVI of the Social Security Act on June 20, 2019.  See Complaint, ECF No. 1 at 2.  On June 10, 2021, the Administrative Law Judge issued an unfavorable decision.  See id.  The Appeals Council also denied Plaintiff's request for review on February 16, 2022.  See id.  On April 8, 2022, Plaintiff appealed to this Court.  See id.

On October 26, 2022, District Judge Jill A. Otake approved the parties' Stipulation for Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) and to Entry of Judgment (Stipulation to Remand).  See Stipulation to Remand, ECF No. 31.  Following remand, the Court awarded Plaintiff attorneys' fees under the Equal Access to Justice Act (EAJA) in the amount of $6,531.49 based on the parties' stipulation.  See Stipulation for Settlement of Attorney Fees, ECF No. 34.  On remand, Plaintiff received a favorable decision granting his application for benefits.  See Request, ECF No. 37 at 1.

Pursuant to the terms of his retainer agreement with counsel, Plaintiff agreed to pay counsel a fee equal to twenty-five percent of his past-due benefits if his social security appeal was successful.  See Appendix 1 to Request, ECF No. 37-1.

The SSA provided Plaintiff a Notice of Award on May 24, 2025. See Appendix 2 to Request, ECF No. 37-2. In the Notice of Award, the SSA stated that it was withholding $20,508.75 in past-due benefits, which represented twenty-five percent of the total past-due benefits awarded to Plaintiff, in order to pay any approved request for attorneys' fees. See id. at 6.

In the Request, Plaintiff's counsel asserts that he is entitled to an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $20,508.75, which is twenty-five percent of Plaintiff's past-due benefits, pursuant to the retainer agreement with Plaintiff. See Request, ECF No. 37 at 1-2, 6. Since counsel was previously awarded an EAJA award in the amount of $6,531.49, counsel seeks to recover a net amount of $13,977.26 ($20,508.75 - $6,531.49 = $13,977.26). See id. at 2, 6. Counsel also submitted a timesheet reflecting that he spent 28.9 hours working on this litigation. See Appendix 3 to Request, ECF No. 37-3. As noted above, Defendant does not oppose the Request.

## DISCUSSION

Under 42 U.S.C. § 406(b), the court may award reasonable fees to a successful claimant's counsel up to twenty-five percent of the claimant's past-due benefits. See 42 U.S.C. § 406(b)(1)(A). This limit applies to the total of EAJA and Section 406(b) fees combined. See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) (holding that a district court may award fees under both the EAJA and 42

U.S.C. § 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee") (quotation marks, brackets, and citation omitted).  The attorney's fees awarded under Section 406(b) are paid by the claimant out of the past-due benefits awarded, and the claimant's attorney bears the burden of demonstrating the requested fee is reasonable.  See id. at 807.

If counsel represents a claimant pursuant to a contingency fee agreement, that agreement is the starting point for the Court's reasonableness determination.  See id. at 808; see also Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009).  If the fee requested is consistent with the fee arrangement and is within the statutory maximum, the Court then conducts an "independent check" to determine whether the requested fee is reasonable "based on the character of the representation and the results the representative achieved."  See Gisbrecht, 535 U.S. at 807-08.  "A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case'" such that the requested fee "would constitute a windfall."  Crawford, 586 F.3d at 1148, 1151 (quoting Gisbrecht, 535 U.S. at 808).

Under the standards articulated above, the Court finds that counsel

4

met his burden of demonstrating that the requested fees are reasonable.  Under the fee agreement in this case, Plaintiff agreed to pay counsel twenty-five percent of his past-due benefits if counsel successfully represented him on appeal to this Court and owed no fees to counsel if the appeal was unsuccessful.  See Appendix 1 to Request, ECF No. 37-1; Crawford, 586 F.3d at 1152 (considering the "significant risk" that attorneys face in taking social security cases on a contingent basis in determining whether the requested fees are reasonable).  Counsel's request for $20,508.75 in attorneys' fees represents the statutory maximum of twenty-five percent of the past-due benefits awarded to Plaintiff.  See Request, ECF No. 37 at 2; see also 42 U.S.C. § 406(b)(1)(A).  Because counsel provided quality representation and obtained a successful result in this Court, which resulted in Plaintiff receiving substantial past-due benefits, the Court finds that no reduction in fees due to substandard performance is warranted.  Further, there is no evidence that counsel caused any delay to suggest that the Court should reduce the fees awarded for dilatory conduct.  Finally, no reduction in fees is necessary to prevent counsel from receiving a windfall.  In support of the Request counsel stated he spent 28.9 hours litigating this case.  See Appendix 3 to Request, ECF No. 37-3.  Dividing the fee requested by the hours spent would result in a rate of approximately $709.65 per hour.  See id.  Courts in this circuit regularly award fees with rates exceeding $1,000 per hour in similar cases.  See Brazile v. Comm'r

5

of Soc. Sec., CASE NO. C18-5914JLR, 2022 WL 503779, at *3 (W.D. Wash. Feb. 18, 2022) (collecting cases); see also Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (stating that "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss"). The Court finds that no downward adjustment in the requested fees is necessary in this case. Accordingly, the court finds that a fee award of $20,508.75 is reasonable. The Court recommends granting counsel's request for a net award in the amount of $13,977.26 after deducting the previous EAJA award amount ($6,531.49).

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's counsel's Request, ECF No. 37, and authorize an attorneys' fee award of $20,508.75 in accordance with 42 U.S.C § 406(b). The Court further recommends that Plaintiff's counsel be awarded $13,977.26 after deducting the previous EAJA award amount ($6,531.49). Accordingly, the Court RECOMMENDS that Plaintiff's counsel receive $13,977.26 in attorneys' fees from Plaintiff's past-due benefits award.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, July 14, 2025.



Wes Reber Porter
United States Magistrate Judge

Vaeluaga v. Bisignano; Civ. No. 22-00148 JAO-WRP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S COUNSEL'S REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE.

7